UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA HENDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AIRTRAN AIRWAYS, INC., )<br>)<br>Defendant. ) | 1:09-cv-00973-TWP-TAB |

**ORDER ON DEFENDANT'S MOTION TO AMEND
AND PLAINTIFF'S MOTION TO STRIKE**

Before the Court are Defendant AirTran Airways, Inc.'s renewed motion to amend its answer and Plaintiff Patricia Henderson's motion to strike the amended answer. [Docket No. 35; Docket No. 56.] Plaintiff filed this personal injury action in Marion Superior Court in August 2008, and Defendant removed it to this Court. [Docket No. 1 & Ex. B.] In July 2009, prior to removal, Defendant filed a motion to amend its answer to add the affirmative defense of failure to file the lawsuit within the one-year contractual limitation period purportedly contained in a "Contract of Carriage." The state court did not resolve this motion before this case's August 2009 removal. [Docket No. 36 at 1.]

Courts are given broad discretion in allowing amendments to pleadings and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Even though there is a "liberal attitude towards the amendment of pleadings," courts "may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).

Plaintiff does not argue that Defendant's amended answer is futile.  Rather, Plaintiff argues quite the opposite, contending that the amended answer would unduly prejudice her, because "nearly all discovery [is] completed," and her "entire case may be put in jeopardy," which could mean that she "will have spent nearly a year and a half in litigation unnecessarily." [Docket No. 39 at 5–6.]  She also argues that Defendant failed to timely seek leave to amend and has now done so with "no explanation" and without new evidence.  [*Id.* at 2.]  Defendant responds that the Court should be able to decide the terms of the agreement on their merits, and the additional defense has not caused Plaintiff undue prejudice.  [Docket No. 36 at 3.]  Defendant filed its motion in July 2009 in state court before any deadlines for discovery, amendment of the pleadings, depositions, or summary judgment motions.  [Docket No. 36 at 4; Docket No. 40 at 2–3.]  Furthermore, even though Defendant filed its amended answer containing this additional defense without the Court's permission, it is at least noteworthy that Defendant filed its amended answer in response to Plaintiff's amended complaint.  [Docket No. 57 at 2.]

So even if Defendant's answer to Plaintiff's amended complaint required the Court's permission, Defendant has now sought leave to amend its answer.  The amendment is proper under Rule 15(a).  Defendant moved to amend its answer in July 2009 in state court, and again sought to amend its answer in December 2009 after removal of this case to federal court in August 2009.  Although a year is a long time to wait to add its defense, Defendant sought its first amendment before any significant deadline, deposition, or summary judgment motion.  Thus, Plaintiff has failed to demonstrate undue delay on the part of Defendant.

Further, Plaintiff has not demonstrated undue prejudice caused by Defendant's amended answer.  It has been over a year since Defendant first moved to amend its answer, so Plaintiff has

little basis upon which to claim surprise.  Additionally, Defendant minimized any prejudice to Plaintiff by disclosing the relevant contractual terms before deposing Plaintiff, moving to amend its answer, and filing its summary judgment motion. [Docket No. 40 at 3.]  Furthermore, although the dispositive motion deadline lapsed on June 6, 2010, and the September 6, 2010, discovery deadline is looming, trial remains many months away. [Docket Nos. 33, 37, 58.] Plaintiff has plenty of time to prepare for trial and request extensions of deadlines without affecting the February 2011 trial date.  That Plaintiff's lawsuit may now face an arduous hurdle is significant, but this is a possibility that she has been aware of for over a year.

      The Court therefore grants Defendant's renewed motion to amend its answer [Docket No. 35] and denies Plaintiff's motion to strike the amended answer.  [Docket No. 56.]

      Dated: 08/18/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Matthew D. Bruno
KIGHTLINGER & GRAY
mbruno@k-glaw.com

Steven Edward Springer
KIGHTLINGER & GRAY
sspringer@k-glaw.com

Amy Van Ostrand-Fakehany
HENSLEY LEGAL GROUP, PC
avanostrand@hensleylegal.com